```
┌─────────────────────────────────────────────────────┐
│          NOT FOR PUBLICATION WITHOUT THE              │
│         APPROVAL OF THE APPELLATE DIVISION            │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the  │
│   parties in the case and its use in other cases is limited. R. 1:36-3.     │
└─────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5346-16T1

JUAN PASTRANA,

    Plaintiff-Appellant,

v.

JOSEPH CORONATO, GLENN MILLER,
and OCEAN COUNTY, a New Jersey
municipal corporation,

    Defendants-Respondents.

_____

        Submitted April 23, 2018 — Decided July 18, 2018

        Before Judges Accurso and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Monmouth County, Docket No. L-
        1305-15.

        George J. Cotz, attorney for appellant.

        Berry, Sahradnik, Kotzas & Benson, PC,
        attorneys for respondent (Mary Jane Lidaka,
        on the brief).

PER CURIAM

    Plaintiff Juan Pastrana appeals from the May 28, 2017 order

denying his motion to reinstate his complaint, which had been

administratively dismissed pursuant to Rule 1:13-7 over a year.

He also appeals from the July 10, 2017 order denying his motion for reconsideration of the May 28, 2017 order.  Although plaintiff offers no explanation for his patently unreasonable delay in moving to reinstate his complaint, we vacate both orders and remand for reinstatement, as the R. 1:13-7 administrative order was obviously issued without any basis.

I

The record reveals the following.  In February 2015, plaintiff filed his complaint against defendants, alleging they violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14.  The specific issues on appeal do not require that we delve into the details of plaintiff's substantive claims.

It is undisputed defendants were served with the complaint soon after it was filed, and that plaintiff filed proof of service on or about March 6, 2015.  In lieu of filing an answer, defendants filed a motion for summary judgment or, in the alternative, for a more definite statement, see Rule 4:6-4(a). On August 14, 2015, defendants' motion for summary judgment was granted "as to acts in 2012" but was otherwise denied.  The court ordered plaintiff to provide a more definite statement

2

within ten days.  Plaintiff did not do so, instead filing a second amended complaint on September 9, 2015.[1]

Thereafter, defendants filed a motion to dismiss the new complaint because plaintiff did not file a definite statement as directed by the August 14, 2015 order.  According to an order entered on November 20, 2015, that motion was denied but plaintiff was ordered to file the definite statement within ten days.  The order also indicates defendants had filed another motion, because the order also dismissed certain defendants from the second amended complaint and struck the allegations "relating to events" that occurred before February 7, 2014.

Plaintiff did not provide a copy of the notice in the record, but it is not disputed that, at some point before the November 20, 2015 order was entered, the court issued a written notice to plaintiff advising the action would be administratively dismissed as to any or all defendants on December 4, 2015 for lack of prosecution.  See R. 1:13-7.  The case was in fact dismissed on the latter date.  Plaintiff's attorney acknowledges he must have received but does not recall getting the notice.

---

[1]  The record does not reveal why plaintiff did not file an amended complaint before he filed a second amended complaint.

Plaintiff did not file a more definite statement as directed by the November 20, 2015 order. Instead, on December 9, 2015, he filed a third amended complaint. Defendants responded by filing a motion to dismiss on the ground plaintiff still had not filed a more definite statement in accordance with the August 14, 2015 and November 20, 2015 orders. That motion was denied by order dated February 5, 2016; three weeks later, defendants forwarded their answer to the court for filing.

At the end of March 2016, the court returned the answer to defendants' attorney, explaining the answer had been rejected as non-conforming because the complaint had been dismissed on December 4, 2015. Defense counsel notified plaintiff's counsel of the dismissal. Notwithstanding, the parties engaged in discovery, but at some unspecified point defendant ceased conducting any discovery when plaintiff failed to take any steps to reinstate the complaint. When in March 2017 plaintiff endeavored to take defendants' deposition, defense counsel reminded plaintiff's counsel the case was dismissed.

Plaintiff filed a motion to reinstate the complaint. On May 28, 2017, the trial court denied the motion because plaintiff did not "establish any ground for reinstatement of a pleading dismissed in 2015 and which were communicated at a minimum of 1 year ago by the adversary counsel."

4

Plaintiff moved for reconsideration of the May 28, 2017 order but on June 10, 2017, the court entered an order denying the motion. Citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), the court found plaintiff failed to bring to its attention any evidence or law it had overlooked when it considered the underlying motion.

Plaintiff appeals from the May 28, 2017 and June 10, 2017 orders.

II

"Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution proceeds under an abuse of discretion standard." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011) (citations omitted). We are not bound by the trial court's legal conclusions. Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 573 (App. Div. 2007) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Rule 1:13-7 provides in relevant part:

> (a) [E]xcept as otherwise provided by rule or court order, whenever an action has been pending for four months . . . without a required proceeding having been taken therein as hereafter defined in subsection (b), the court shall issue written notice to the plaintiff advising that the action as to any or all defendants will be dismissed without prejudice 60 days following the date of the notice . . .

5

unless, within said period, action specified in subsection (c) is taken. If no such action is taken, the court shall enter an order of dismissal without prejudice as to any named defendant and shall furnish the plaintiff with a copy thereof.  After dismissal, reinstatement of an action against a single defendant may be permitted on submission of a consent order vacating the dismissal and allowing the dismissed defendant to file an answer. . . .  If the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal. In multi-defendant actions in which at least one defendant has been properly served, the consent order shall be submitted within 60 days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within 90 days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances. . . .

Subsection (b) provides the language that governs the resolution of this matter.  This subsection states in relevant part:

(b)  The following events constitute required proceedings that must be timely taken to avoid the issuance by the court of a written notice of dismissal as set forth in subsection (a):

(1) <u>proof of service or acknowledgment of service filed with the court</u>; or

(2) filing of answer; or
(3) entry of default; or

(4) entry of default judgment. . . .

6

[<u>R.</u> 1:13-7(b) (emphasis added).]

<u>Rule</u> 1:13-7 is "designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion." <u>Mason v. Nabisco Brands, Inc.</u>, 233 N.J. Super. 263, 267 (App. Div. 1989). The rule seeks "to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." <u>Baskett</u>, 422 N.J. Super. at 379. A request for reinstatement "should be viewed with great liberality." <u>Ghandi v. Cespedes</u>, 390 N.J. Super. 193, 197 (App. Div. 2007). There is a preference claims be adjudicated on their merits rather than bar "a litigant's way to the courtroom" because of procedural errors. <u>Id.</u> at 198 (internal quotation marks and citation omitted).

<u>Rule</u> 1:13-7(a) provides the court may issue a notice to a party when an action has been pending for at least four months, and inform the party the action will be dismissed if none of the "required proceeding[s]" defined in subsection (b) has occurred. One of those required proceedings is filing proof the complaint was served upon the defendant or defendants. <u>R.</u> 1:13-7(b)(1).

Here, it is not disputed one of the required proceedings listed in <u>Rule</u> 1:13-7(b) did occur -- plaintiff filed proof of service with the court, and did so as early as March 2015. In

7

response to being served with the complaint, defendants filed various motions for summary judgment or, in the alternative, motions to compel plaintiff to provide a definite statement. Therefore, because one of the required proceedings in Rule 1:13-7(b) did occur, the complaint in this matter was mistakenly administratively dismissed, likely because of the long gap between the filing of proof of service and the answer. For that reason, we vacate May 28, 2017 and July 10, 2017 orders and remand for the reinstatement of the third amended complaint.

We make the following observation. Although we recognize the complaint was mistakenly dismissed, thereafter, plaintiff needlessly consumed the court's and defendants' time and resources by failing to promptly seek reinstatement, which likely could have been readily accomplished by timely submitting a consent order.

Plaintiff does not deny he received notice of the dismissal in December 2015; subsequently, defendants twice reminded him the complaint needed to be reinstated. While willing to conduct discovery for a limited period, defendants ultimately ceased engaging in discovery altogether because the complaint remained dismissed. On remand, the court may establish a discovery schedule and trial date, taking into account the time lost due

8

to plaintiff's failure to expeditiously seek the restatement of his complaint.

Remanded for further proceedings consistent with this opinion without prejudice to defendants. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5346-16T1